IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 184 MR WCM

| | | |
|---|---|---|
| ERIE INSURANCE COMPANY,<br>as subrogee of John Casto and<br>Betsy Casto<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Before the Court is a Consent Motion for Leave to File Second Amended Complaint (the "Motion to Amend," Doc. 18), through which Plaintiff moves, with Defendant's consent, to "join additional parties and refine claims based on facts learned in discovery." Doc. 18, p. 1. Additionally, Plaintiff explains that because the proposed amendment will add North Carolina residents, the amendment will destroy this Court's diversity subject matter jurisdiction. Therefore, Plaintiff has also filed a motion (Doc. 19) seeking remand, if the amendment is allowed.

1

I. **Background**

This matter involves a fire that occurred at the home of John and Betsy Casto. The fire originated from a 2011 Toyota Tacoma (the "Vehicle") that was parked in an attached garage.

On June 1, 2020, Erie Insurance Company and Erie Insurance Exchange (collectively, "Erie"), as subrogees of the Castos, filed a Complaint in the Superior Court of Transylvania County, North Carolina. Doc. 1-2. In that Complaint, Erie alleged that the Vehicle's headlamp assembly was defective and caused the fire. Erie further alleged that the Castos had made claims with Erie for insurance proceeds related to the fire loss, that Erie had paid on those claims, and that, "to the extent of their payments, Erie is subrogated to the rights of their insureds, the Castos, to bring this action on the basis of conventional subrogation." Doc. 1-2, p. 9.

On July 10, 2020, Defendant Toyota Motor Sales, USA, Inc. ("Toyota") removed the matter to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. Toyota alleges that it is a corporation organized under the laws of California, with its principal place of business in Texas, and that John and Betsy Casto are citizens of North Carolina. Doc. 1, ¶¶ 7 & 8.

On July 15, 2020, Erie Insurance Company filed a First Amended Complaint, thereby terminating Erie Insurance Exchange as a plaintiff. Doc.

2

5. The First Amended Complaint again alleged that the fire was caused by a defectively designed headlamp. Doc. 5, p. 1.

In the instant Motion to Amend, Erie Insurance Company explains that during the October 29, 2020 depositions of the Castos, the parties learned for the first time that the Vehicle's headlamp assembly at the time of the fire was not original. Specifically, it was disclosed that, approximately three months before the fire, the front of the Vehicle had been damaged, and the Vehicle was taken to Myers Body Shop, LLC ("Myers") for repairs. Doc. 18, p. 2. Documents produced by Myers in response to a November 2020 subpoena indicated that Myers procured a replacement headlamp assembly from Fred Anderson Toyota of Asheville, which is believed to be owned by two entities: Anderson Automotive Group, LLC ("Anderson Automotive") and Anderson Asheville, LLC ("Anderson Asheville"). The proposed Second Amended Complaint (Doc. 18-1) seeks to add Myers, Anderson Automotive, and Anderson Asheville as defendants. Additionally, and although not addressed in the Motion to Amend, the proposed Second Amended Complaint renames Erie Insurance Exchange as a Plaintiff. Doc. 18-1, ¶¶ 10-11.

## II. Legal Standards

### A. Rule 15

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, with respect to amendments made before trial (other than those made as a matter

3

of course), leave to amend should be freely given when justice so requires. Courts also consider "the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371, U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

### B. § 1447(e)

However, "[w]hen a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: ... deny joinder, or permit joinder and remand the action to the State court. These are the only two options for a district court faced with a post-removal attempt to join a

4

nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." Mayes v. Rapoport, 198 F.3d 457, 461-462 (4th Cir. 1999).

The decision of whether to permit joinder of a nondiverse defendant under Section 1447(e) "is committed to the sound discretion of the district court...." Id. at 462. In exercising this discretion, courts consider all relevant factors, including "'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" Id.

### III. Discussion

Considering the basis behind the timing of the requested amendment—that information supporting claims against the proposed defendants has only recently been discovered—it does not appear that Erie Insurance Company has been dilatory in seeking to amend.

Further, Erie Insurance Company contends that if amendment is not allowed, it will be forced to file a separate state court action against the proposed defendants, which would increase the costs of litigating these issues and run the risk of inconsistent verdicts. Doc. 18, p. 6.

Finally, Erie Insurance Company represents that Toyota does not object to the proposed amendment.

5

Under these circumstances, the undersigned finds that the Motion should be allowed.

## IV. Citizenship of the Proposed New Defendants

It is not clear based on the current record, however, that allowing the amendment would destroy this Court's subject matter jurisdiction.

The proposed Second Amended Complaint alleges that Erie Insurance Company and Erie Insurance Exchange are both "reciprocal insurance compan[ies] consisting of members who purchase insurance policies" and are "owned by [their] subscribers…" Doc. 18-1, ¶¶ 8 & 10.

District courts in this Circuit have held that, as an unincorporated association, the citizenship of a reciprocal insurance exchange is based on the citizenship of its members for diversity purposes, and that those members include policyholders. Davis v. Erie Ins. Exchange, 953 F.Supp.2d 607, 610 (D.Md. 2013); see also Salvi v. Erie Ins. Exchange, No. 3:12-cv-150, 2012 WL 1715910 at *2 (E.D. Va. May 15, 2012) ("The issue of Erie's citizenship has been litigated in a number of district courts. The weight of this authority holds that Erie, as a reciprocal insurance exchange, is a citizen of each state in which its members reside."); Erie Ins. Exch. v. Electrolux Home Prod., Inc., No. 3:10CV615, 2011 WL 2945814, at *1 (W.D.N.C. July 15, 2011) ("Thus, the citizenship of Plaintiff's policyholders, as members, should be considered when determining diversity.").

6

The citizenship of the new defendants, though, is not clear from the proposed Second Amended Complaint. Although the pleading alleges that each proposed new defendant is a "corporation," it also indicates that each proposed new defendant is a limited liability company ("LLC"). The citizenship of an LLC is determined by the citizenship its members. See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company ... is determined by the citizenship of all of its members."). The proposed Second Amended Complaint, however, does not identify the members of each proposed new defendant, nor does it allege the citizenship of those members.

**IT IS THEREFORE ORDERED** that the Consent Motion for Leave to File Second Amended Complaint (Doc. 18) is **GRANTED IN PART**, and Plaintiff is directed to file, on or before December 22, 2020 a Second Amended Complaint that is identical in substance to the proposed Second Amended Complaint (Doc. 18-1), but that also sufficiently describes the citizenship of Myers Body Shop, LLC; Anderson Automotive Group, LLC; and Anderson Asheville, LLC based on the citizenship of their members.

Signed: December 10, 2020

W. Carleton Metcalf
United States Magistrate Judge